IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SADA B. STORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:05CV450-CSC |
| ) | |
| JO ANNE B. BARNHART ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

**I. Introduction.**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 et seq. and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

42 U.S.C. §§ 405 (g) and 1383(c)(3).[2]  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination[3] the Commissioner employs a five step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[3] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

**A.  Introduction.**  The plaintiff was 35 years old at the time of the hearing before the ALJ and has a high school education.  The plaintiff's prior work experience includes work as a machine operator, packer and waitress.  Following the administrative hearing, the ALJ

---

[4]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

3

concluded that the plaintiff has impairments of bilateral carpal tunnel syndrome, left ulnar neuritis, left cervical radiculopathy, and asthma.  Nonetheless, the ALJ concluded that the plaintiff was not disabled because even though she could not return to her past relevant work, the plaintiff has the residual functional capacity to perform a range of light work.

**B. Plaintiff's Claims**.  The plaintiff contends that the Commissioner's decision must be reversed because (1) the residual functional capacity assessment is not based on substantial evidence because it does not address the entire period at issue, (2) the ALJ failed to fully develop the record, and (3) the ALJ failed to consider the plaintiff's impairments in combination.  The court will address each of the plaintiff's contentions.

### IV.  Discussion of the Issues

**A.   The Residual Functional Capacity Assessment**.   The plaintiff's alleged disability onset date is August 30, 2002.  On March 23, 2004, Dr. Al Vester[5] examined the plaintiff on a consultant basis.  He diagnosed the plaintiff with bilateral carpal tunnel syndrome, post transposition of the left ulnar nerve at the elbow presumably due to neuritis, bronchial asthma, intrauterine pregnancy and mitral valve prolapse (subjective).

> The claimant is certainly limited by her upper extremity discomfort.  I believe most of her discomfort is due to carpal tunnel syndrome.  I think that she is limited to a moderate extent because of this.  She remains tender from her apparent ulnar neuritis. This contributes to her limitation to a moderate extent. (R. 268).

Dr. Vester concluded that the plaintiff was not limited with sitting, hearing or

---

[5] One of the plaintiff's treating physicians is Dr. Terry Y. Vester.  Dr. Terry Vester treated the plaintiff from May 1999 to March 2002.

speaking; not significantly limited with standing or walking; and moderately limited with lifting, carrying and handling objects and traveling. (R. 268). In reaching his ultimate conclusions about the plaintiff's limitations, Dr. Vester indicated that he had reviewed her medical records provided to him by the state disability agency.

The ALJ gave substantial weight to Dr. Vester's conclusions about the plaintiff's functional abilities. (R. 15). The plaintiff argues that this conclusion was erroneous because Dr. Vester's examination and opinion came some eighteen months after the plaintiff's alleged onset date and, therefore, did not consider her condition for the entire period of claimed disability. The plaintiff primarily relies on the records of Dr. Richard T. Herrick, an orthopedic surgeon to whom Dr. Terry Vester referred her in 2001. On July 19, 2002, Dr. Herrick advised the plaintiff "not to do any kind of repetitive pinching, gripping, pushing, and/or pulling with either hand at work, and to wear splints at all times . . . " (R. 154). Dr. Herrick also advised the plaintiff about other treatments such as injections, deep tissue massage therapy and medication. (R. 154). The plaintiff argues that the ALJ failed to consider the effect of her condition on her ability to work and specifically did not "address the vocational impact of wearing splints bilaterally throughout the work day on an ability to perform a 'range of light work' or any other work for that matter."

The plaintiff's argument lacks merit for several reasons. First, its reliance on Dr. Herrick's 2002 records and conclusions is misplaced because Dr. Herrick's advice about limits on repetitive pinching, gripping, pushing, and/or pulling with either hand were limits

he placed on how she was to do her work. In other words, Dr. Herrick's records demonstrate that the plaintiff was capable of doing her job with some limitations. Second, the plaintiff's arguments ignore the other 2002 evidence of record as well as all of the medical evidence since 2002 which the ALJ did consider in his written decision. (R. 12-13). Suffice it to say that while there was a brief period of time before the alleged onset date when the plaintiff was not working because of her doctor's instructions, there is substantial evidence in the record which supports the Commissioner's conclusion that the plaintiff had and has the residual functional capacity to perform light work in the national economy.

**B. Development of the Record**. The plaintiff contends that the Commissioner failed in her duty to fully develop the record. Other than the 2004 consultative examination, the plaintiff's medical records do not extend beyond August 2003. She contends that the ALJ should have investigated her treatment sources after that time. Of course, an ALJ has a duty to fully and fairly develop the record. *See e.g. Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990). In instances where a claimant is not represented by counsel, there is a heightened duty. The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review. *Cowart v. Schweiker*, 662 F.2d 731, 735-36 (11th Cir. 1981). A remand to the Commissioner is warranted when the plaintiff shows prejudice. *Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985).

> This at least requires a showing that the ALJ did not have all of the relevant evidence before him in the record (which would include relevant testimony from claimant), or that the ALJ did not consider all of the evidence in the record in reaching his decision. See *Smith* [*v. Schweiker*, 677 F.2d 826, 830

(11th Cir. 1982)] (relevant inquiry is whether the record reveals evidentiary gaps which result in unfairness or clear prejudice).

*Id.* at 1540.

While an ALJ has a duty to fairly develop the record, it is the plaintiff who has the burden of proof. *Johns v. Bowen*, 821 F.2d 551 (11th Cir. 1987). In the instant case, the plaintiff was represented by counsel. In her brief in support, the plaintiff concedes that at the administrative hearing, her attorney did not ask the plaintiff about any treatment after August 2003. Thus, the plaintiff's arguments about medical treatment after August 2003 is purely speculative. Moreover, the medical records before the court indicate that the plaintiff has the residual functional capacity to perform work. Thus, the plaintiff has not demonstrated that she was prejudiced in any way.

**C. Impairments in Combination**. The plaintiff argues that the ALJ failed to consider her impairments in combination and failed to take into account her non-exertional impairments of hepatitis B as well as her mitral valve prolapse. The ALJ must consider every impairment alleged by the plaintiff and determine whether the alleged impairments are sufficiently severe - either singularly or in combination, even when the impairments considered separately are not severe. *Hudson v. Heckler*, 755 F.2d 781, 785 (11th Cir. 1985). Here, the ALJ concluded that while the plaintiff had a non-severe impairment of mitral valve prolapse, she was taking no medication for that condition and did not appear to be limited by it. The medical evidence supports that conclusion.

The plaintiff also contends that the ALJ failed to consider her hepatitis B. The

medical evidence does not support the contention that the plaintiff continues to have that infection, and at the administrative hearing, the plaintiff testified that it causes her no problems. (R. 292). Based on this, the ALJ obviously did not consider it as an impairment at all, (R. 15), and certainly the plaintiff is not limited by it. That implicit conclusion is amply supported in the record.

The ALJ properly considered all of the plaintiff's impairments singly and in combination. Indeed, the ALJ concluded that her impairments precluded her from returning to her past relevant work. Furthermore, in questioning a vocational expert the ALJ adopted the limitations contained in Dr. Vester's examination report (R. 269-271), and those limitations are consistent with the plaintiff's alleged combined impairments.

Accordingly, the court concludes that the Commissioner's decision denying benefits is due to be affirmed. A separate order will be entered.

Done this 9th day of August, 2006.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE